UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA MACINTOSH

    Plaintiff,

GRAND TRAVERSE COUNTY
COMMISSIONER RON CLOUS,
in his Individual Capacity, and
GRAND TRAVERSE COUNTY

    Defendant.
_____/

HON. HALA Y. JARBOU
U.S. WESTERN DISTRICT COURT
JUDGE

MAG. JUDGE PHILLIP J. GREEN

FILE NO. 1-21-cv-00309-HYJ-PJG

| | |
|---|---|
| Blake K. Ringsmuth   (P44013)<br>Thomas J. Wuori   (P41096)<br>RINGSMUTHWUORI PLLC<br>Attorneys for Plaintiffs<br>102 W. Front Street, Ste. 401<br>Traverse City, MI 49684<br>(231) 929-4700<br>(231) 929-4702 (Fax)<br>blake@rwinjurylaw.com<br>kate@rwinjurylaw.com | Andrew J. Brege (P71474)<br>ROSATI SCHULTZ JOPPICK AMTSBUECHLER<br>Attorneys for Defendant Ron Clous<br>822 Centennial Way Suite 270<br>Lansing, MI 48917<br>517.886.3800<br>517.886.9154 (Fax)<br><br>Gregory R. Grant (P68808)<br>Cummings McClorey Davis & Acho, PLC<br>Attorneys for Defendant Grand Traverse County<br>310 West Front Street, Suite 221<br>Traverse City, MI  49684<br>(231) 922-1888<br>(231) 922-9888 (Fax)<br>ggrant@cmda-law.com |

## PLAINTIFF'S RESPONSE TO MOTION BY DEFENDANT GRAND TRAVERSE COUNTY SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)

**Table of Contents**

Table of Contents………………………………………………………………………………..i

Index of Authorities……………………………………………………………………………..ii

    I.     Introduction………………………………………………………………………....2

    II.    Counter- Statement of Facts……………………………………………………….....2

    III.   Standard of Review…………………………………………………………………5

    IV.   Analysis……………………………………………………………………………..5

        A.  Plaintiff Pleads a proper Injunctive Relief Claim……………………………….5

        B.  A Governmental Actor's Rights are Not Limitless……………………………..8

        C.  Fed. R. Civ. P. 12(b)(6) Not Proper Method to Contest Allegation of
            "Adverse Action"…………………………………………………………….....12

    V.    Conclusion ………………………………………………………………………..14

## Index of Authorities

**Cases**

*Barrett v. Harrington,* 130 F.3d 246 (6th Cir. 1997)……………………………………………12

*Bart v Telford,* 677 F2d 622, 625 (7th Cir. 1982)……………………………..…………..14

*Bloch v. Ribar,* 156 F.3d 673 (6th Cir. 1998)……………………………..…….9, 10, 11, 14

*Board of County Commissioners v Umbehr*, 518 U.S. 668 (1996)……….…..………………12

*Burgess v. Fischer,* 735 F.3d 462, 478 (6th Cir. 2013)………………………….…………..6

*DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990)…………………………...…….9,11

*Garcetti v. Ceballos*, 547 U.S. 410 (2006)………………………………………….………8

*Matzker v. Herr,* 748 F.2d 1142, 1150 (7th Cir. 1984)……………………………..……9, 11

*Mt. Healthy City Bd. of Educ. v Doyle,* 429 U.S. 274 (1977)………………….…..………12

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-480 (1986)…………………………..…..6

*Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512
    (6th Cir. 2010)……………………………………………………………......5, 8, 13

*Rudd v. City of Norton Shores,* 977 F.3d 503, 513, 514 (6th Cir. 2020)…………..…....9, 11, 14

*Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir. 1999)(en banc)………………....…….14

*Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)…………….…..……..6

**Federal Court Rules**

Fed. R. Civ. P. 12(b)(6)………………………………………………..2, 5, 8, 9, 10, 12, 14

Fed. R. Civ. P. 56……………………………………………………………….……9

I. **INTRODUCTION**

Defendant Grand Traverse County's (herein after "Defendant County") Fed. R. Civ. P. 12(b)(6) Motion is based strictly on the pleadings. However, the County has not addressed many of Plaintiff's key allegations. When <u>all</u> the relevant allegations are considered, a proper claim is clearly stated. Further, the County misconstrues Plaintiff's Complaint as one for "damages" against it. Solely injunctive relief is requested against this Defendant as clearly stated in Count II. **(ECF No. 1, Pg ID. 15-18, Complaint ¶ 85-89)**. Plaintiff is not attempting to hold the County liable for her damages for Defendant Clous' past actions. Rather, Plaintiff seeks to have this Court declare that the County Commission's "after the fact" ratification/policy allowing such illegal conduct going forward be enjoined. Thus, its analysis of this issue misses the mark.

Finally, the County completely avoids analyzing the case law underpinning Plaintiff's "retaliation" claim. While it recognizes the claim's validity, it summarily declares that no person of "ordinary firmness" could be "chilled" by the brandishing of a semi-automatic rifle in direct response to her public comment. **(ECF No. 9, Pg ID. 63, Motion by Defendant Grand Traverse County Seeking Dismissal Under Fed. R. Civ. P. 12(b)(6)).** This is clearly a fact question to be considered under all the circumstances set forth in the Complaint and developed in discovery; not one decided on the pleadings as Fed. R. Civ. P. 12(b)(6) contemplates. The County then manipulates Plaintiff's claim to its liking by framing it as an argument Plaintiff does <u>not</u> make, a classic "strawman" argument: that elected officials do not have First Amendment rights. Plaintiff does not contest Defendant Clous' First Amendment rights. Rather, assuming arguendo he had a constitution right to brandish a weapon, that right is not unlimited as the caselaw has long held.

II. **COUNTER-STATEMENT OF FACTS**

2

As set forth in the Complaint, Plaintiff exercised her First Amendment rights at a County Board of Commissioners' meeting. She simply asked her Commissioners to denounce the recent violence of groups like the Proud Boys. **(ECF No. 1, Pg ID. 7, Complaint ¶ 28).** In response, and out of anger and defensiveness, one of the Commissioners left and got a high powered rifle displaying it to Plaintiff and the viewing public in a threatening manner. **(ECF No. 1, Pg ID. 7, Complaint ¶ 28-31).**

For purposes of this Motion, the only "facts" before the Court are the allegations in Plaintiff's Complaint, including any exhibits to same and matters of public record. The allegations left out of Defendant County's Motion and Brief speak volumes. First, contrary to the defense motion, there is no claim for damages against the County for Defendant Clous' actions, other than "nominal" damages. The County does not cite the Court to any "damage" claim or allegations against it. It cites only allegations of its illegal conduct, which is not the same as damages. The only claim for "damages" is found in Count I, paragraphs 65-84 and relate explicitly, and solely, to the other Defendant, Defendant Clous. **(ECF No. 1, Pg ID. 12-15, Complaint ¶ 65-84)**. The only relief sought against the County is found at paragraph 89, seeking "declaratory and injunctive relief suspending and ultimately prohibiting …" the illegal conduct. **(ECF No. 1, Pg ID. 16, Complaint ¶ 89).**

Nor does the County point out, let alone analyze, the detailed allegations supporting Plaintiff's claim for injunctive relief against it. Specifically, Plaintiff has alleged that the County effectively ratified Defendant Clous' actions and thus created a "go forward" policy and practice of allowing this illegal retaliatory conduct. For instance, there are detailed allegations of the County Commission's effective "ratification" of Defendant Clous' actions. See paragraphs 58-62

3

of the Complaint. **(ECF No. 1, Pg ID. 11-12, Complaint ¶ 58-62)**. One allegation not acknowledged by Defendant County states:

> 60. [w]hile two County Commission resolutions were put forward to clearly state that a Commissioner's display of a high-powered rifle, or any gun for that matter, in response to public comment is inappropriate and not allowed, the resolutions have failed. Currently no policy banning a Commissioner's brandishing or displaying a weapon in response to public comment has been adopted by the Defendant Commission; to the contrary it has been characterized as not "wrong" or "improper.
>
> 62. [g]iven the Grand Traverse County Board of Commissioners' actually voting down the censure of Defendant Clous, in addition to the Commissioners' comments stating that there was nothing wrong with such brandishing, Defendant County has effectively adopted a policy or practice of allowing such retaliatory and threatening conduct.

**(ECF No. 1, Pg ID. 12, Complaint ¶ 60, 62)**.

Additionally, in support of his resolution to censure Defendant Clous for brandishing the weapon and ensure that such use of a weapon never happen again, one of the Commissioner's stated as part of the public record: "A censure says that the … Commission publicly and officially states the action of showing a gun on camera during public comment was wrong and it shouldn't happen again. If you vote "no" on the resolution of censure, are you stating for the public record that it was okay for a gun to be held up during a meeting? Is that how any Commissioner wants to come down on this?" **(Exhibit A**, at 2:23:45-2:24:08 – 2/3/21 Meeting Video)[1]. This statement captures the issue before the Court in a nutshell.

Finally, the County summarily states that a "'person of ordinary firmness' would not be 'chilled' by viewing Clous' brandishing of his rifle via zoom." **(ECF No. 9, Pg ID. 63, Brief in Support of Motion by Defendant Grand Traverse County Seeking Dismissal Under Fed. R.**

---

[1] The meeting video is linked here: https://www.tacm.tv/watchgovtv.asp?SDBFid=13230

4

**Civ. P. 12(b)(6)).** Contrary to this factually unsupported statement, it is not proper support for a Fed. R. Civ. P. 12(b)(6) Motion. The question is what do the pleadings set forth. The Court is directed to paragraphs 43-50 of Plaintiff's Complaint. **(ECF No. 1, Pg ID. 9-10, Complaint ¶ 43-50).** Punctuating the public outcry is the opinion piece from the local newspaper wherein it states that Defendant Clous' conduct with the rifle was, "an affront to our democratic process," that would, "intimidate [Plaintiff], discourage her from speaking freely in a petition to her government to redress a grievance." **(ECF No. 1-5, Pg ID. 31, Exhibit E to Plaintiff's Complaint).**

### III. STANDARD OF REVIEW

Plaintiff generally agrees with the standard this Court must use to review this Fed. R. Civ. P. 12(b)(6) Motion as outlined by Defendant. Such motion is designed to test the sufficiency of the complaint. "The district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010)* (citations omitted).

### IV. ANALYSIS

#### A. PLAINTIFF PLEADS A PROPER INJUNCTIVE RELIEF CLAIM

As stated previously, Plaintiff does not seek damages from Defendant County, merely injunctive relief. Plaintiff's claim is not based on Defendant Clous' actions, rather the County's unconstitutional ratification or endorsement of them (thereby creating a "policy" of allowing such unconstitutional conduct). Defendant County's analysis is geared toward a claim for damages, something Plaintiff is not even claiming; another "strawman" argument. The defense does not address the actual allegations in the Complaint that establish the basis for injunctive relief,

5

e.g. paragraphs 58-62. (**ECF No. 1, Pg ID. 11-12, Complaint ¶ 58-62).** For instance, it does not acknowledge the allegations regarding the Commission's voting down a specific resolution designed to prevent this speech chilling conduct or attempt to explain any alleged inadequacy of the pleadings. Surely the County would agree that if it adopted a policy of allowing the claimed illegal retaliation, injunctive relief barring the practice would be appropriate.

Defendant County's own brief recognizes that a valid constitutional claim is asserted where the violative conduct is "ratified" by the "final decision-making authority" or becomes "official policy." *Burgess v. Fischer,* 735 F.3d 462, 478 (6th Cir. 2013). As the case law makes clear, the County cannot be liable for the acts of individuals absent specific circumstances outlined in *Burgess, supra.* However, the County can be held liable for unconstitutional acts it is responsible for, like the adoption or ratification of unconstitutional conduct and policy. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-480 (1986). More recently the Sixth Circuit has explained categories of municipal liability. In *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005), a constitutional violation case brought under 42 USC 1983, the court explained as follows:

> There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority ….
> *Id.;Pembaur v City of Cincinnati,* 475 U.S. 469, 480 (1986).

Here Plaintiff seeks to impose liability on the County under "avenues" one and two identified by the *Thomas* court, supra. The County (the "final decision-making authority") is liable, not for Defendant Clous' retaliatory actions, but its ratification of his acts; thus, creating an unconstitutional policy of allowing illegal retaliation on a "go forward" basis. The County's unconstitutional ratification and/or policy can be seen by its subsequent handling of Clous' threatening

6

display of the weapon. It would be a different matter if the County did not ever address it and was silent, however that was not the case. Squarely before the County Board were two separate resolutions condemning Defendant Clous' illegal retaliation. Both resolutions were its opportunity to reject Defendant Clous' unconstitutional actions and prevent such conduct going forward. One Resolution stated that the display of the high-powered rifle was "inappropriate and unacceptable" and the other a violation of its ethics policy. (See Public records Resolution of Redress, dated January 28, 2021 and Resolution of Censure, dated February 3, 2021, at **Exhibits B** and **C** respectively). When faced with the decision, the Defendant chose not to adopt either Resolution, thus effectively ratifying this conduct and in turn creating a policy of allowing such behavior. There is no dispute that the County Board is the final decision-making authority and the entity that sets policy. Thus, it was the Defendant County that ratified Defendant Clous' actions and in so doing created a policy of allowing such illegal retaliation, creating an additional constitutional violation to the one committed by Defendant Clous.

Were the County's endorsement of the illegal conduct in doubt, it "doubles down", so to speak, in its brief stating that Defendant Clous' did "nothing wrong or illegal" in brandishing his weapon. (**ECF No. 9, Pg ID. 62, Brief in Support of Motion by Defendant Grand Traverse County Seeking Dismissal Under Fed. R. Civ. P. 12(b)(6)).** It then goes on in detail justifying his misconduct. This bold and incorrect statement of law makes clear the need for this Court's declaration preventing such conduct in the future. Not to do so effectively endorses the County's unconstitutional policy. The words of the Commissioner (Nelson) that sponsored the Resolution of Censure urging its passing, *supra*, are prescient: the Commission's rejection of the resolution is an official statement that Defendant Clous' misconduct was "okay." Clearly Commissioner

7

Nelson understood the dangerous precedent the County's "ratification" or acceptance of Clous' wrongful action would be.

Plaintiff has pled the necessary allegations setting forth municipal liability for an unconstitutional policy, custom and/or ratification of illegal conduct, e.g. Paragraphs 58-60, 62 and 86. **(ECF No. 1, Pg ID. 11-12, 15-16, Complaint ¶ 58-60, 62, 86)**. *Thomas and Pembaur, supra.* The County's brief identifies only one allegation (paragraph 58) but fails to address or analyze the other relevant allegations and mis-states Plaintiff's claims. While these deficiencies alone are fatal to a motion based upon Fed. R. Civ. P. 12(b)(6), this Court is not required to do Defendant County's work for it.

### B. A GOVERNMENTAL ACTOR'S RIGHTS ARE NOT LIMITLESS

Again, the County misconstrues Plaintiff's claims against it. It is not sought to be held liable for Defendant Clous' actions, but its subsequent ratification/adoption of them creating a policy of allowing the unconstitutional conduct, as addressed *supra.* This being said, the County recognizes the legitimacy of a First Amendment retaliation claim, but then provides no analysis of the relevant and longstanding case law setting forth its elements. Nor does it even discuss the allegations or whether Plaintiff has pled a proper case; the sole basis of a Fed. R. Civ. P. 12(b)(6) Motion**.** *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). Plaintiff submits that if the claim exists and is pled properly, then its validity turns on the facts of the case, not properly determinable by a Fed. R. Civ. P. 12(b)(6) motion.

Instead of addressing the pleadings the County argues that Defendant Clous could engage in any action as long as it arguably falls under the First Amendment. While there is no doubt that governmental actors have First Amendment rights, it is equally clear that those rights are not limitless. See e.g. *Garcetti v. Ceballos*, 547 U.S. 410 (2006) (a government employee enjoys no

8

First Amendment protection when acting/"speaking" as part of his or her official duties, even on matters of public concern). This is particularly true when it comes to retaliatory actions in response to the exercise of a citizen's rights. See e.g. *Bloch v. Ribar,* 156 F.3d 673 (6th Cir. 1998); *Matzker v. Herr,* 748 F.2d 1142, 1150 (7th Cir. 1984); *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990). Plaintiff will address her pleadings and relevant case law in turn.

The elements of a First Amendment retaliation claim are well known. Plaintiff must plead: a) she engaged in protected conduct/speech; b) the defendant took "adverse action" against her; c) in part because of her protected conduct/speech. *Rudd v. City of Norton Shores,* 977 F.3d 503, 513, 514 (6th Cir. 2020); *Bloch, supra,* 156 F.3d at 678. Defendant County only takes issue with whether an "adverse action" was taken by Defendant Clous' brandishing of the gun such that it "would likely chill a person of ordinary firmness" from continuing their First Amendment activities. **(ECF No. 9, Pg ID. 63, Brief in Support of Motion by Defendant Grand Traverse County Seeking Dismissal Under Fed. R. Civ. P. 12(b)(6)).** Initially, Plaintiff notes that she clearly pled that element, and the County does not suggest otherwise. Thus, the County does not frame a proper argument under a Fed. R. Civ. P. 12(b)(6) Motion. This argument might properly be made under a Fed. R. Civ. P. 56 Motion, where the factual background and circumstances would be before the Court after development through discovery. Plaintiff has properly pled the remaining elements of the claim as well. The Court is directed to paragraphs 26, 28-50, 53, 55-57, 66-68, 74, 77-81 for example. **(ECF No.1, Pg ID. 6-11, 13-15, Complaint ¶ 26, 28-50, 53, 55-57, 66-68, 74, 77-81).** These allegations satisfy all the elements and are pled in a non-conclusory fashion.

Perhaps the most glaring deficiency in the County's Motion is its failure to cite or explain the relevant case law regarding the constraints placed on governmental actors' "speech" in the

9

retaliation context. See, e.g., *Bloch v. Ribar,* 156 F.3d 673 (6th Cir. 1998). The salient facts of *Bloch* are as follows. Plaintiff Bloch was raped and reported it to the county Sheriff Department. The rape investigation languished, and plaintiff became upset at its lack of progress. She expressed her dissatisfaction with the Sheriff and his department's investigation to two newspapers that in turn published her complaints. In response to plaintiff's exercise of her First Amendment right to criticize a governmental official, the defendant Sheriff held a press conference regarding the rape investigation. In it he disclosed "highly personal and extremely humiliating" details of the rape. *Bloch v. Ribar,* 156 F.3d at 676. Plaintiff in turn sued the Sheriff alleging unconstitutional retaliation for the exercise of her First Amendment rights. The "retaliation" she claimed was his publicly divulging the emotionally damaging details of the rape in response to her criticism.

As here, Sheriff Ribar moved to dismiss plaintiff's complaint per Fed. R. Civ. P. 12(b)(6). As it relates to the case at bar, the District Court granted the motion finding that the defendant Sheriff was entitled to qualified immunity because there "is no 'clearly established' right to exercise one's First Amendment rights without fear of embarrassing information being revealed in response **by a public official exercising his/her First Amendment rights** as well." (emphasis added); *Id.,* at 676-677. The Sixth Circuit reversed, remanding the First Amendment retaliation case back to the District Court. In its analysis the Circuit Court provided clear guidance on how retaliation claims involving First Amendment conduct must be reviewed. Plaintiff respectfully submits that the *Bloch* holding and analysis controls the outcome of this motion, as explained below.

First the court pointed out that, "the right of an American citizen to criticize public officials and policies … is the central meaning of the First Amendment." *Id.* at 678*,* quoting *Glasson*

10

*v City of Louisville,* 518 F.2d 899, 904 (6th Cir. 1975). This is what the plaintiff was doing, just as the Plaintiff in the case at bar. The *Bloch* court then addressed the same defense that is raised in this case: the defendant Sheriff's response (speech) to the plaintiff's criticism was protected by the First Amendment and thus not actionable. The Sixth Circuit rejected this defense, agreeing with the plaintiff that while the Sheriff had the right to respond to the plaintiff's criticism, that right was not unlimited. *Id.* at 681. This is exactly what the defense here argues: Defendant Clous' going and getting a high-powered rifle in response to Plaintiff's exercise of her First Amendment rights is itself "speech" that is protected and thus not actionable. This is not the law, to the contrary. As the *Bloch* court explained:

> "We start our analysis on this aspect of the retaliation claim from the premise that "an act taken in retaliation for the exercise of a constitutionally protected right is actionable under sec. 1983 <u>even if the act, when taken for a different reason, would have been proper.</u>"
>
> (emphasis added); *Id.* at 681-682, citing *Matzker v. Herr,* 748 F.2d 1142, 1150 (7th Cir. 1984); *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990)

The above-quoted holding has long been the law in this circuit and beyond. Thus, even though the defendant Sheriff had the right to publicly defend himself against plaintiff's criticism or discuss the graphic details of the rape (i.e. engage in First Amendment "speech"), if he did it in retaliation he could still be liable. The application to the case at bar is axiomatic. Irrespective of Defendant Clous' alleged First Amendment right to display a firearm in a threatening manner (which right Plaintiff does not concede exists), if he did it in retaliation for Plaintiff's exercise of her First Amendment rights, he may still be liable. It follows then that the Defendant County may also be liable for adopting or ratifying those illegal actions as part of a policy allowing unconstitutional conduct.

11

*Bloch v. Rebar, supra,* remains the law in the Sixth Circuit and is cited frequently by other courts. See e.g. *Rudd v. City of Norton Shores,* 977 F.3D 503 (6th Cir. 2020). *Bloch* is not the only Sixth Circuit case on point either. The Court is directed to *Barrett v. Harrington,* 130 F.3d 246 (6th Cir. 1997). There the court found that the defendant Judge's public speech to news organizations about the plaintiff's alleged stalking and harassing her was not protected by the First Amendment. It found that if it was done in retaliation for plaintiff's claims that the Judge was corrupt it was actionable under *Id.* at 262-264. The *Barrett* court also noted that there is no qualified immunity for retaliation in response to the exercise of First Amendment rights as the right has long been "clearly established", citing *Board of County Commissioners v Umbehr,* 518 U.S. 668 (1996) and *Mt. Healthy City Bd. of Educ. v Doyle,* 429 U.S. 274 (1977). Other circuits have held similarly as cited above. The County's motion is not properly founded given the factual allegations pled here. This Court should deny the motion just as the *Bloch,* and the other referenced courts did.

### C. FED. R. CIV. P. 12(b)(6) NOT PROPER METHOD TO CONTEST ALLEGATION OF "ADVERSE ACTION"

Almost in passing, and without any legal authority or reference to the actual pleadings, Defendant County summarily argues that the brandishing of a weapon could never "likely chill a person of ordinary firmness" from exercising her rights. The allegation has been pled and therefore this is not a proper argument under Fed. R. Civ. P. 12(b)(6). The County emphasizes that the brandishing was done "virtually" and therefore Plaintiff "faced no risk of harm whatsoever." **(ECF No. 9, Pg ID. 63, Brief in Support of Motion by Defendant Grand Traverse County Seeking Dismissal Under Fed. R. Civ. P. 12(b)(6)).** However, Plaintiff's risk of immediate harm is not the standard. One must wonder what message the brandishing of a high-powered rifle sends. Future harm? Perhaps "shut up" or "else"? Perhaps a call to Defendant Clous' supporters

12

to intimidate and threaten Plaintiff? How could the alleged display of a deadly weapon in a public debate about violence ever be non-threatening, either explicitly or implicitly? The threatening display of a high-powered weapon is either an express or implied threat of grievous bodily harm if not deadly force. Its intent is very likely to do exactly what is constitutionally prohibited: chill Plaintiff's and others "unwanted" speech. This is exactly what Plaintiff has alleged. It arose from a heated series of interactions in the context of violent uprisings in this country causing serious injury and death as the allegations make clear. These are clearly reasonable interpretations of the allegations which the Court must draw in Plaintiff's favor. *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512. **(ECF No.1, Pg ID. 5-7, Complaint ¶ 20-34).**

In further support of the threatening and intimidating nature of Defendant Clous' actions are the following facts set forth in the Complaint: 1) his fellow Commissioners' concerns as set forth in the two aforementioned Resolutions; 2) the letter bearing over 1,500 signatures and calling for his resignation found at Exhibit D to the Complaint **(ECF No. 1-5, Pg ID. 27-28, Exhibit D to Plaintiff's Complaint)**; 3) the numerous public comments made after his actions stating his conduct intimidated them from even giving their names; and 4) the Traverse City Record Eagle's Editorial describing his actions as ones that "would intimidate her, discourage her from speaking freely in a petition to her government to redress a grievance." **(ECF No. 1-5, Pg ID. 31, Exhibit E to Plaintiff's Complaint).** Plaintiff is not alone in her belief that such egregious conduct by an elected official has no place in our democracy.

Finally, the Motion makes no mention of what level of "chilling" the "adverse action" must rise to, something relevant to this Court's decision. The Sixth Circuit has characterized the level of "adverse action" a plaintiff must show as low, stating "…nothing justifies 'harassing people for exercising their constitutional rights,' so the deterrent effect on speech 'need not be

great' to be actionable." *Rudd v. City of Norton Shores,* 977 F.3d 503, 513, 514 (6th Cir. 2020), citing *Thaddeus-X v. Blatter, 175 F.3d 378, 397 (6th Cir. 1999)(en banc).* The issue of the conduct's "chilling effect" on a plaintiff is necessarily dependent on context and facts, not something that can properly be decided at the pleading stage. Not surprisingly, both the *Bloch* and *Thaddeus* court explained that the issue of establishing a sufficient "adverse action" is a "question of fact". *Bloch, supra,* at 679, and *Thaddeus-X v. Blatter, supra,* 175 F.3d at 398, both citing *Bart v Telford,* 677 F2d 622, 625 (7th Cir. 1982). Plaintiff has pled the requisite allegations in a non-conclusory manner well sufficient to defeat Defendant's Motion. This established, it is a fact question.

## CONCLUSION AND RELIEF REQUESTED

For the reasons described above Plaintiff asks this Court to deny the Motion by Defendant Grand Traverse County Seeking Dismissal Under Fed. R. Civ. P. 12(b)(6).

/s/Blake K. Ringsmuth
RINGSMUTHWUORI PLLC
Attorneys for Plaintiff
102 W. Front Street, Ste. 401
Traverse City, MI 49684
Ph: (231) 929-4700
Primary Email: blake@rwinjurylaw.com
P44013

Dated: August 9, 2021

14

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA MACINTOSH<br><br>Plaintiff,<br><br>GRAND TRAVERSE COUNTY<br>COMMISSIONER RON CLOUS,<br>in his Individual Capacity, and<br>GRAND TRAVERSE COUNTY<br><br>Defendant.<br>_____ / | HON. HALA Y. JARBOU<br>U.S. WESTERN DISTRICT COURT<br>JUDGE<br><br>MAG. JUDGE PHILLIP J. GREEN<br><br>FILE NO. 1-21-cv-00309-HYJ-PJG |

| | |
|---|---|
| Blake K. Ringsmuth   (P44013)<br>Thomas J. Wuori      (P41096)<br>RINGSMUTHWUORI PLLC<br>Attorneys for Plaintiffs<br>102 W. Front Street, Ste. 401<br>Traverse City, MI 49684<br>(231) 929-4700<br>(231) 929-4702 (Fax)<br>blake@rwinjurylaw.com<br>kate@rwinjurylaw.com | Andrew J. Brege (P71474)<br>ROSATI SCHULTZ JOPPICK<br>AMTSBUECHLER<br>Attorneys for Defendant Ron Clous<br>822 Centennial Way Suite 270<br>Lansing, MI 48917<br>517.886.3800<br>517.886.9154 (Fax)<br><br>Gregory R. Grant (P68808)<br>Cummings McClorey Davis & Acho, PLC<br>Attorneys for Defendant Grand Traverse County<br>310 West Front Street, Suite 221<br>Traverse City, MI  49684<br>(231) 922-1888<br>(231) 922-9888 (Fax)<br>ggrant@cmda-law.com |

## PLAINTIFF PATRICIA MACINTOSH'S CERTIFICATE OF COMPLIANCE WITH W.D. MICH. L. CIV. R. 7.2(b)(ii)

Plaintiff, PATRICIA MACINTOSH, by and through her attorneys, RINGSMUTH-WUORI PLLC, and pursuant to W.D. Mich. L. Civ. R. 7.2(b)(ii) certifies that her Response to Motion by Defendant Grand Traverse County Seeking Dismissal Under Fed. R. Civ. P. 12(b)(6)

2

contains 4,069 words, including headings, footnotes, citations, and quotations. Plaintiff's Response and the foregoing word count was generated using Microsoft Word 2019.

/s/Blake K. Ringsmuth
RINGSMUTHWUORI PLLC
Attorneys for Plaintiff
102 W. Front Street, Ste. 401
Traverse City, MI 49684
Ph: (231) 929-4700
Primary Email: blake@rwinjurylaw.com
P44013

Dated: August 9, 2021

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PATRICIA MACINTOSH

        Plaintiff,

GRAND TRAVERSE COUNTY
COMMISSIONER RON CLOUS,
in his Individual Capacity, and
GRAND TRAVERSE COUNTY

        Defendant.
_____/

HON. HALA Y. JARBOU
U.S. WESTERN DISTRICT COURT
JUDGE

MAG. JUDGE PHILLIP J. GREEN

FILE NO. 1-21-cv-00309-HYJ-PJG

| | |
|---|---|
| Blake K. Ringsmuth   (P44013)<br>Thomas J. Wuori   (P41096)<br>RINGSMUTHWUORI PLLC<br>Attorneys for Plaintiffs<br>102 W. Front Street, Ste. 401<br>Traverse City, MI 49684<br>(231) 929-4700<br>(231) 929-4702 (Fax)<br>blake@rwinjurylaw.com<br>kate@rwinjurylaw.com | Andrew J. Brege (P71474)<br>ROSATI SCHULTZ JOPPICK AMTSBUECHLER<br>Attorneys for Defendant Ron Clous<br>822 Centennial Way Suite 270<br>Lansing, MI 48917<br>517.886.3800<br>517.886.9154 (Fax)<br><br>Gregory R. Grant (P68808)<br>Cummings McClorey Davis & Acho, PLC<br>Attorneys for Defendant Grand Traverse County<br>310 West Front Street, Suite 221<br>Traverse City, MI  49684<br>(231) 922-1888<br>(231) 922-9888 (Fax)<br>ggrant@cmda-law.com |

## PROOF OF SERVICE

STATE OF MICHIGAN        )
                                      ) ss.
COUNTY OF GRAND TRAVERSE  )

    Kate Farese, being duly sworn, deposes and says that she served **PLAINTIFF'S RESPONSE TO MOTION BY DEFENDANT GRAND TRAVERSE COUNTY SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(6); EXHIBIT A-C; PLAINTIFF'S**

**CERTIFICATE OF COMPLIANCE WITH W.D. MICH. L. CIV. R. 7.2(b)(ii)** and this **PROOF OF SERVICE**, on August 9, 2021, by the following methods:

**VIA ECF FILING ONLY TO:**

Gregory R. Grant
Cummings McClorey Davis & Acho, PLC
310 West Front Street, Suite 221
Traverse City, MI 49684

Andrew J. Brege (P71474)
ROSATI SCHULTZ JOPPICK AMTSBUECHLER
822 Centennial Way Suite 270
Lansing, MI 48917

Clerk of the Court
U.S. WESTERN DISTRICT COURT

*\*\*Exhibit A to Plaintiff's Response was sent separately to each party via U.S. Mail*

**VIA FIRST CLASS MAIL TO:**

Honorable Hala Y. Jarbou
U.S. WESTERN DISTRICT COURT JUDGE
138 Federal Building & U.S. Post Office
315 W. Allegan Street
Lansing, MI 48933

                                                 /s/Kate Farese
                                                 RINGSMUTHWUORI PLLC
                                                 102 W. Front Street, Ste. 401
                                                 Traverse City, MI 49684
                                                 Ph: (231) 929-4700

Dated: August 9, 2021